# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:09-1212 |
| ) | Judge Nixon |
| DOTAN CONSTRUCTION, LLC; ) | Magistrate Judge Griffin |
| STEVEN LONG; KIMBERLY LONG; ) | |
| TIMOTHY LONG; and ERMINA LONG; ) | |
| ) | |
|     **Defendants.** ) | |

## ORDER

Pending before the Court is Defendants Dotan Construction, LLC; Steven Long; Kimberly Long; Timothy Long; and Ermina Long's ("Defendants" or "Dotan") Motion to Strike Part of Claim for Improper Venue ("Defendant's Motion") (Doc. No. 27) and Memorandum in Support (Doc. No. 28). Plaintiff Auto-Owners Insurance Company ("Plaintiff" or "Auto-owners") filed a Response in opposition to the Motion (Doc. No. 31). For the reasons discussed herein, Defendant's Motion is **DENIED**.

## I. BACKGROUND

### A. Factual Background[1]

In 2007, Defendants, all citizens and residents of the state of Tennessee, executed a General Agreement of Indemnity ("GAI") in favor of Plaintiff, a Michigan corporation with its principal place of business in Lansing, Michigan. Defendants executed the GAI in order to induce Plaintiff to issue Performance and Payment Bonds on behalf of Defendant, a Limited

---

[1] These facts are taken from Plaintiff's Complaint (Doc. No. 1) and Plaintiff's Response to Defendant's Motion to Strike (Doc. No. 31) unless otherwise noted.

-1-

Liability Company with its principal place of business in Hamilton County, Tennessee. In reliance on the GAI, Plaintiff wrote bonds on behalf of Dotan for two construction projects Dotan had contracted to perform in 2008. One of the projects, known as the Murfreesboro Project, was located in Murfreesboro, Tennessee. The other project, called the Naomi Project, was located in Walker County, Georgia. Auto-Owners alleges that Dotan breached the GAI based on actions that occurred in both Murfreesboro, Tennessee and Walker County, Georgia: namely, that Defendants failed to take actions to prevent claims against the Payment and Performance Bonds for the Murfreesboro Project and the Naomi Project and failed to post collateral pursuant to the terms of the GAI.

### B. Procedural Background

Auto-Owners initiated this suit for breach of contract against Defendants in this Court on December 23, 2009. (Doc. No. 1.) Defendants filed a Motion to Dismiss (Doc. No. 27) and Memorandum in Support (Doc. No. 28), asserting that the part of Plaintiff's Complaint pertaining to the Naomi Project should be dismissed because the claim was brought in an improper venue and the venue is inconvenient for the hearing of the Naomi Project claims. (Doc. No. 27.) Plaintiff subsequently filed a Response to the Motion (Doc. No. 31).

## III. ANALYSIS

Defendants assert that no part of the Naomi Project was performed in the Middle District of Tennessee such that Plaintiff's claims pertaining to this project should be dismissed under Fed. R. of Civ. P. 12(b)(3) because none of the grounds for venue under 28 U.S.C § 1391(a) have been established. (Doc. No. 27, at 2.) Furthermore, Defendants assert that the Middle District of

Tennessee is an inconvenient forum for the hearing of the Naomi Project claims because the project was performed in Walker County, Georgia and most of the witnesses, documents and evidence pertaining to Auto-Owners' claims are located in Georgia, not Tennessee. Id. at 2-3.

Plaintiff responds that, although some of the actions giving rise to the claims in this case did not occur in the Middle District of Tennessee, the claims relating to the Naomi Project should not be dismissed because a substantial part of the events leading to the breach of the GAI did occur in the Middle District of Tennessee, satisfying 28 U.S.C. § 1391(a)(2). (Doc. No. 31, at 2-3.) Moreover, Plaintiff asserts that Defendants have not met their burden in showing that the matter should be transferred to the Northern District of Georgia. Id. at 3.

**A.  Dismissal for Improper Venue**

Defendants assert that Plaintiff's claim pertaining to the Naomi Project should be dismissed for improper venue under the Federal Rule of Civil Procedure 12(b)(3) because no part of the Naomi Project was ever performed in the Middle District of Tennessee. (Doc. No. 27, at 2.) Actions giving rise to the claim under the GAI occurred in two different jurisdictions; however, Plaintiff argues a substantial part of the events giving rise to the claim did occur in the Middle District of Tennessee, the location of the Murfreesboro Project. (Doc. No. 31, at 2.)

28 U.S.C. § 1391(a)(2) provides that an action in which federal jurisdiction is based on diversity of citizenship may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. The Sixth Circuit has held that "the plaintiff may file his complaint in any forum where a substantial part of the events or omissions giving rise to the claim arose; this includes any forum with a substantial connection to the plaintiff's claim." First Michigan Corporation v. Bramlet, 141 F.3d 260, 263 (6th Cir. 1998). Plaintiff asserts that Defendants breached the GAI through actions in both the Northern District

of Georgia and the Middle District of Tennessee. Thus, at least half of the matter giving rise to Plaintiff's Complaint occurred within the Middle District of Tennessee. Furthermore, there is a substantial connection between the bonds for both the Murfreesboro Project and the Naomi Project because they were all issued under the GAI. Although some of the actions giving rise to this claim occurred in Georgia, this Court concludes that there is a substantial connection between the actions giving rise to Plaintiff's claim of breach of contract under the GAI and the Middle District of Tennessee.

Additionally, it is worthwhile to note that in 1990, 28 U.S.C. § 1391 was amended to prevent wasteful litigation whenever multiple forums were involved in the transactions giving rise to a dispute, Mitranos v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004), resulting in the "substantial connection" analysis, First Michigan, 141 F.3d at 263. Allowing this Court to hear all of the claims asserted in this dispute will serve the goal of preventing wasteful litigation by requiring only one federal court to hear the dispute about the underlying GAI, rather than two.

**B.      Forum Non Conveniens**

Defendants assert that the Middle District of Tennessee is an inconvenient forum for the hearing of the Naomi Project claims because many witnesses, documents and evidence are likely located in Georgia, such that the Northern District of Georgia is the appropriate forum for these claims. (Doc. No. 27, at 2-3.) In response, Plaintiff asserts that Defendants have not met their burden to show that the matter should be transferred to the Northern District of Georgia. (Doc. No. 31, at 3.)

The Sixth Circuit has stated that "in ruling on a motion to transfer under 28 U.S.C. § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest

concerns, such as systemic integrity and fairness, which come under the rubric of "interests of justice.'" Moses v. Bus. Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991).  Furthermore, a court in this district has held that the defendant bears the burden of showing that the forum should be changed, and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Moeckel v. Caremark Rx, Inc., 385 F.Supp.2d 668, 686 (M.D. Tenn. 2005) (citing Blane v. Amer. Inventors Corp., 934 F. Supp. 903, 907 (M.D. Tenn. 1996)).

Plaintiff's claim for breach of the GAI involves actions that occurred in both Georgia and Tennessee.  Although Defendants have stated that most of the likely witnesses, documents and evidence concerning the Naomi Project are located in Georgia, a substantial part of the actions resulting in the breach of the GAI occurred within the Middle District of Tennessee. See supra Section II. A.  If this Court strikes this claim, it would force the parties to litigate in multiple jurisdictions and might substantially increase litigation costs.  Additionally, two courts hearing claims concerning the alleged breach of the GAI might produce inconsistent outcomes. Moreover, the distance between Walker County, Georgia and the Middle District of Tennessee does not create an unusual burden on the parties to litigate the claims resulting from the Naomi Project in the Middle District of Tennessee.  Looking at the interests of both parties, the potential witnesses, and systemic integrity and fairness, the Court cannot say that the balance is strongly in favor of Defendants.  Defendants have not met their burden required for this Court to grant a 28 U.S.C. § 1404(a) transfer.

**III.   CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**.

It is so ORDERED.

Entered this 23rd day of November, 2010.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT